# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

## CASE NO.:

TAS RIGHTS MANAGEMENT, LLC,

    Plaintiff,

v.

EVERMORE PARK LLC and KEN BRETSCHNEIDER,

    Defendants.

**JURY DEMAND**

## COMPLAINT FOR WILLFUL COPYRIGHT INFRINGEMENT
## (INJUNCTIVE RELIEF DEMANDED)

Plaintiff TAS RIGHTS MANAGEMENT, LLC ("Plaintiff" or "TAS"), brings this Complaint against Defendants EVERMORE PARK LLC and KEN BRETSCHNEIDER for damages and injunctive relief, and alleges as follows:

## SUMMARY OF THE ACTION

1. Plaintiff is the undisputed, beneficial owner of registered copyrights in the original songs (including all public performances thereof) "Love Story," "You Belong With Me," and "Bad Blood" (collectively, the "Works").

2. Broadcast Music, Inc. ("BMI"), a performing rights organization ("PRO"), protects the Works, as well as the compositions of over one million other artists around the world. BMI was created to protect and enforce the federally-granted public performance rights of these songwriters, composers, and music publishers by collecting federally mandated license fees for use of their art. Indeed, the rights and revenues protected by BMI and other PROs are a central pillar of the music industry and are enforced around the world with millions of law-abiding

establishments. This process is based on the fundamental principle that artists should be compensated for their work, and countless creators around the globe depend on honest compliance with this system.

3. Accounting for instances where the foregoing system would be flouted—or outright ignored—by entities seeking to profit from music without compensating creators, Congress provided for a federal infringement claim to compensate creators and, critically, to discourage infringement. This enforcement mechanism remains a fundamental element of the legal protections afforded to artists; without it, any entity could willfully deny compensation to artists for years, and then paper over its unlawful conduct with an email after the fact, as the Defendants attempt to do here.

4. In this case, representatives of Plaintiff were recently informed that the Works, among many other copyrighted compositions, have been routinely used by Defendants Evermore Park LLC and Ken Bretschneider without authorization or license agreement at Defendants' theme park called "Evermore Park."[1]

5. Defendants had and have a statutory obligation to properly license any musical compositions publicly performed or otherwise used in their theme park.

6. Starting in 2019, through phone calls, emails, letters, and draft license agreements, BMI repeatedly informed Defendants both of the copyrighted nature of the Works and of the unlawful nature of their continued use of the same in public performances at Defendants' theme park. Defendants ignored these messages, opting instead to continue using the Works without

---

[1] Evermore Park employees play songs upon request. In addition to the copyrighted Works at issue in this Action, Plaintiff has also been made aware of Evermore Park performers playing songs by Katy Perry, Abba, the Beatles, Billy Joel, Britney Spears, Green Day, Gotye, Journey, Nirvana, Semisonic, Third Eye Blind, Tom Petty, Queen, Weezer, and Whitney Houston, among others.

authorization, with full knowledge of their infringement, to drive attention and attendance to their theme park.

7.  Recently, and only after this lawsuit became imminent, Defendants have reached out to BMI in an overt attempt to cover up their years of unlawful conduct and intentional failure to compensate artists, admitting that any prior use was without license or authorization.

8.  Accordingly, Plaintiff brings this action to recover damages and to enjoin Defendants from continued infringement.

## THE PARTIES

9.  Plaintiff TAS Rights Management, LLC is a Tennessee limited liability company with its principal place of business in Nashville, Tennessee. TAS is the legal owner of exclusive rights in the copyrighted Works. TAS manages and regularly represents the intellectual property interests of singer, songwriter Taylor Swift ("Artist"). Non-party Artist is a resident of Tennessee.

10. Defendant Evermore Park LLC is a Delaware limited liability company, with its principal place of business at 382 South Evermore Lane, Pleasant Grove, Utah 84062.

11. Defendant Ken Bretschneider is an individual and a resident of the State of Utah. Mr. Bretschneider is the founder, creator, and chief executive officer of Evermore Park.

12. Non-party Broadcast Music, Inc. is a PRO that serves as a central licensing authority and protector of the public performance rights afforded to composition rightsholders under the United States Copyright Act. BMI represents songwriters, composers, and music publishers (including Artist) and collects federally mandated license fees from businesses that use and perform copyright-protected music. BMI's primary goal is to ensure that its writers, composers, and publishers are properly compensated for the public use of their music, and this protection and enforcement is essential to each artist's right to be compensated for their work.

BMI licenses the public performance and other use of the copyrighted Works at issue in this action out of its offices located in Nashville, Tennessee.

## JURISDICTION AND VENUE

13. This action arises under the Copyright Act, 17 U.S.C. § 501, *et seq.*

14. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

15. Defendants are subject to personal jurisdiction in Tennessee pursuant to T.C.A § 20-2-201, § 20-2-214, § 20-2-223, and § 20-2-225.

16. Among other things:

    a. Defendants knew that Artist resides in Tennessee and that their willful infringement of her Works would cause, and in fact has caused, harm in Tennessee through *inter alia* loss of valuable licensing revenue due and payable through BMI in Tennessee;

    b. Defendants acknowledge that Tennessee is the locus of the conduct at issue in this action having recently reached out to BMI's Nashville, Tennessee office multiple times, suddenly requesting a retroactive license for the Works after first repeatedly infringing the Works and ignoring BMI's numerous license requests. Indeed, Defendants initiated contact only after recent events made this action imminent. Details of these communications are included *infra* at Paragraphs 45-46;

    c. Prior to this recent retroactive license request, as noted above, Defendants repeatedly received phone calls and written notices from BMI of Defendants' willful copyright infringement, directing them to immediately to comply with their obligations under federal copyright law, from the Tennessee office of BMI;

    d. Through written communications sent to Plaintiff's representatives in Tennessee,

Defendants have attempted to engage with Plaintiff and Artist and force a settlement of a meritless trademark claim based on Artist's December 2020 release of the *evermore* album (also protected by BMI from its offices in Nashville, Tennessee);

e. Defendants conduct substantial business in this district, including the sales of music, films, and tickets for live performances at Evermore Park;

f. Defendants operate an interactive website at *https://www.evermore.com/store* that allows residents of the state of Tennessee to view goods from Defendants' theme park. Defendants offer for sale and, on information and belief have in fact sold, substantial quantities of "Evermore Park" merchandise to Tennessee citizens;

g. Defendants operate an interactive website at *https://www.evermore.com/tickets* that allows residents of the state of Tennessee to purchase tickets to Evermore Park, where the infringing performances take place. Defendants offer for sale, and, on information and belief have in fact sold, tickets to Evermore Park to Tennessee citizens; and

h. Defendant Bretschneider has engaged in significant commercial activities in Tennessee, including owning and registering several companies that provide security for websites and produce movies and music that are sold and marketed in Tennessee.

17. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, and Defendants are subject to personal jurisdiction in this district.

## THE COPYRIGHTED WORKS AT ISSUE

18. Artist is a world-renowned singer, songwriter. She has spent substantial time and energy, indeed her entire career, creating music that resonates with consumers across generations and around the world. She has used her experience, talent, and creativity over years of hard work—and the creation of nine studio albums—to solidify herself as one of the most recognizable names and brands in the music industry, with some of the most beloved and in-demand songs in the world.

19. Plaintiff is the owner of the exclusive rights under the Copyright Act in the Works at issue, including all associated public performance rights. Those Works include the songs titled: "Love Story"; "You Belong With Me"; and "Bad Blood."[2]

20. The Works are registered with the Register of Copyrights.

   a. "Love Story" was registered on September 11, 2009 and was assigned the registration number PA0001672990.

   b. "You Belong with Me" was registered on September 11, 2009 and was assigned the registration number PA0001673007.

   c. "Bad Blood" was registered on September 4, 2014 and was assigned the registration number PAU003739601.

21. All conditions precedent to the maintenance of this action have been performed, have occurred, or have been waived or excused.

## INFRINGEMENT BY DEFENDANTS

22. Defendants own and operate an immersive experience theme park called Evermore Park.

---

[2] Plaintiff's investigation is ongoing, and, on information and belief, Defendants have committed additional acts of willful infringement of Plaintiff's copyrighted works. Plaintiff will request the Court's authorization to amend this Complaint upon confirming such facts.

23. Evermore Park opened in September 2018.

24. Defendants employ actors who perform as various characters at Evermore Park. These performers interact with guests and publicly perform copyrighted songs on a regular basis at the Park.

25. At a section of Evermore Park known as "the Burrows," two actors regularly and routinely perform copyrighted songs, including the Works at issue in this action, to large crowds of patrons at Evermore Park.

26. These unlawful musical performances are marketed as a central attraction of Evermore Park. For instance, Evermore Park's website advertises that visitors can "[c]reate fanciful music" with Park actors and describes one of the Park's main activities as "Musical Character Performances."

27. Defendant Bretschneider controls and directs the operations at Evermore Park, including the performance of copyrighted songs by Park actors.

28. Indeed, the idea and basis for Evermore Park began as a Halloween event that took place at Mr. Bretschneider's home. Evermore Park has been described as the culmination of Mr. Bretschneider's "lifelong dream."

29. On numerous occasions, Defendant Bretschneider attended the Musical Character Performances at Evermore Park and actively encouraged the performance of copyrighted songs, without license or authority.

30. Defendants have never been licensed or authorized to use the Works for any purpose.

31. Defendants use, have used, and have publicly performed the copyrighted Works on numerous occasions without authorization.

7

32. Plaintiff's Works are protected by registered copyrights but are not otherwise confidential, proprietary, or trade secrets.

33. Plaintiff never gave Defendants permission or authority to use or publicly perform the Works.

34. Each infringing use or public performance of the Works constitutes a separate act of infringement and a separate claim against Defendants under the Copyright Act. As a result of this repeated and ongoing infringement, and the violation by Defendants of the most basic and fundamental obligations owed to songwriters by those who profit off their work, Plaintiff has sustained, and will continue to sustain, substantial damage and irreparable harm.

## WILLFUL INFRINGEMENT BY DEFENDANTS

35. For years, Defendants have had clear and actual notice that their performance of the Works and other copyrighted music constitutes copyright infringement.

36. Defendants have been alerted on multiple occasions by the Nashville, Tennessee office of BMI that Defendants require a license to play the copyrighted Works of Artist and others, and that until such license is granted Defendants' conduct violates federal copyright law.

37. On August 23, 2019, BMI's Nashville office sent a letter to Defendants, following up on a number of prior contact attempts, alerting them once again of their unauthorized performance of the Works and their legal obligation to obtain licenses for the public performance of the Works. Defendants were clearly and unambiguously informed that as "the proprietor of a business . . . where music is publicly performed, you are required to obtain authorization from the copyright owners of that music in order for your performances to be legal." A copy of this letter is attached hereto and made a part hereof as Exhibit A.

38. Included with the August 23, 2019 letter was a draft music license agreement,

provided for Defendants' convenience and asking for the agreement to be signed and returned to BMI's Nashville location.

39. On September 18, 2019, BMI's Nashville office sent yet another letter to Defendants, noting that "BMI has been contacting you for some time regarding the necessity of signing a BMI Music License for your organization(s). In correspondence and phone calls directed to you on numerous occasions, the need for such a License was clearly stated." A copy of this letter is attached hereto and made a part hereof as Exhibit B.

40. The September 18 letter also alerted Defendants to the seriousness of copyright infringement and urged Defendants to engage with BMI immediately.

41. Included with the September 18 letter was another draft music license agreement provided for Defendants' convenience, once again asking for the agreement to be signed and returned to BMI's Nashville location.

42. BMI's contacts with Defendants were made pursuant to its mission and mandate to protect the rights of over a million songwriters, publishers, and composers. Despite BMI's multiple attempts, Defendants rebuffed all of BMI's outreach.

43. Defendants had and have actual knowledge that the Works are protected by copyrights.

44. Defendants blatantly ignored the numerous notices from BMI and opted instead to continue to benefit from the free and unauthorized public performance of the Works, despite actual knowledge of the liability and substantial penalties imposed by the Copyright Act to protect artists. By failing to execute the license agreement provided by BMI and continuing to unlawfully perform the Works, Defendants acted with knowledge that their actions constituted copyright infringement of the Works, or, at a minimum, acted with reckless disregard for Plaintiff's copyright rights.

45. Recently (years after BMI began informing Defendants of their infringing actions), when the filing of this action became imminent and known to Defendants, and in an attempt to cover up their willful infringement, Defendant Bretschneider, on behalf of Defendant Evermore Park LLC, called the Nashville, Tennessee office of BMI seeking a retroactive license that would cover all public performances from 2018, 2019, 2020, and 2021. Defendant Bretschneider also sent an email to the Nashville, Tennessee office of BMI furthering his request for a retroactive license.

46. Specifically, Plaintiff's counsel was contacted on February 3, 2021 by a former Evermore Park volunteer and frequent patron of Evermore Park, advising of the unlicensed public performance of Artist's music. Information was provided by this individual proving Defendants' infringement of the copyrighted works. Defendants became aware of this volunteer's outreach and, only then, attempted within the past week to retroactively paper over their long-standing and willful infringement of the Works. In short, Defendants are making a thinly-veiled attempt to fabricate a record to justify and retroactively authorize their intentional infringement that has gone unabated since Evermore Park opened in 2018. However, a cover-up attempt now does not and cannot erase years of willful and knowing infringement.

47. Through the communications outlined above, Defendants have acknowledged and admitted their intentional infringement of the Works and the requirement for authorization in the form of a written license agreement to perform the Works (of which Defendants did not and do not have).

## COUNT I
## COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501

Plaintiff Owns Federally Registered Copyrights of the Works

48. Plaintiff repeats and incorporates the allegations of Paragraphs 1 through 47 of this

10

Case 3:21-cv-00136   Document 1   Filed 02/22/21   Page 10 of 17 PageID #: 10

Complaint as if fully set forth herein.

49. This is an action against Defendant Evermore Park LLC for copyright infringement.

50. Plaintiff owns valid copyrights in the Works at issue in this case.

51. The Works at issue in this case are registered with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

52. Without authorization, and on repeated occasions, Defendants used and publicly performed the Works in violation of 17 U.S.C. § 501.

53. Defendants performed the acts alleged in the course and scope of its business activities.

54. Plaintiff did not authorize Defendants' use or public performance of the Works.

55. The infringement of each Work on each occasion it was performed is a separate and distinct act of infringement.

Defendants Willfully Infringed Plaintiff's Registered Copyrights

56. Defendants infringed the copyrights in Plaintiff's creative works by repeatedly and knowingly using and publicly performing the Works at Evermore Park without prior approval or authorization of Plaintiff.

57. Defendants knew the infringed Works were copyrighted and that they did not have authorization to perform or exploit Plaintiff's Works.

58. Defendants received phone calls, emails, letters, and draft license agreements on multiple occasions from BMI, alerting Defendants to their copyright infringement. Thus, Defendants had actual knowledge, or at a minimum recklessly disregarded, that their activities were violating Plaintiff's copyrights. Indeed, recently, when the filing of this lawsuit became imminent, Defendant Bretschneider, on behalf of Defendant Evermore Park LLC, contacted the

11

Nashville, Tennessee office of BMI seeking a retroactive license agreement in a thinly-veiled attempt to cover-up and paper over Defendants' prior willful infringement.

59. Defendants knew, or at a minimum recklessly disregarded that, their acts constituted copyright infringement.

60. Defendants' conduct was willful within the meaning of the Copyright Act.

61. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. As a result of this longstanding and willful infringement, Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

62. Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages for each infringed Work and each performance thereof pursuant to 17 U.S.C. § 504(c).

63. In addition, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

64. Plaintiff is entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

65. As a direct and proximate cause of Defendants' infringement, Plaintiff has been irreparably harmed.

## COUNT II
### VICARIOUS COPYRIGHT INFRINGEMENT

66. Plaintiff repeats and incorporates the allegations of Paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67. This is a claim against Defendant Ken Bretschneider individually for vicarious

copyright infringement.

68. Plaintiff owns valid copyrights in the Works at issue in this case.

69. The Works at issue in this case are registered with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

70. Without authorization, and on repeated occasions, Defendants used and publicly performed the Works in violation of 17 U.S.C. § 501.

71. Defendants performed the acts alleged in the course and scope of its business activities.

72. Plaintiff did not authorize Defendants' use or public performance of the Works.

73. Defendant Evermore Park LLC directly infringed the Works.

74. Defendant Bretschneider had the right and ability to direct and control, and has in fact directed and controlled, the infringing acts alleged herein.

75. Defendant Bretschneider is the CEO of Evermore Park LLC and oversees and directs the daily operations of Evermore Park, including attendance and even direct encouragement of the performances of the copyrighted Works. The creation of Evermore Park was the culmination of a lifelong dream of Defendant Bretschneider's. As such, Defendant Bretschneider personally participated in the actual copyright infringement.

76. Touting these infringing musical performances as a central attraction of Evermore Park, Defendant Bretschneider has obtained a direct financial benefit from the infringing activities alleged herein.

77. The acts and conduct of Defendant Bretschneider, as alleged above in this Complaint, constitute vicarious copyright infringement.

78. The infringement of each Work on each occasion it was performed is a separate

and distinct act of infringement.

79. Defendants infringed the copyrights in Plaintiff's creative works by repeatedly and knowingly using and publicly performing the Works at Evermore Park without prior approval or authorization of Plaintiff.

80. Defendants knew the infringed Works were copyrighted and that they did not have authorization to perform or exploit Plaintiff's Works

81. Defendants received phone calls, emails, letters, and draft license agreements on multiple occasions from BMI, alerting them to their copyright infringement. Thus, Defendants had actual knowledge, or at a minimum recklessly disregarded, that their activities were violating Plaintiff's copyrights. Indeed, recently, when the filing of this lawsuit became imminent, Defendant Bretschneider, on behalf of Defendant Evermore Park LLC, contacted the Nashville, Tennessee office of BMI, seeking a retroactive license agreement in a thinly-veiled attempt to cover-up and paper over Defendants' prior willful infringement.

82. Defendants knew, or at a minimum recklessly disregarded that, their acts constituted copyright infringement.

83. Defendants' conduct was willful within the meaning of the Copyright Act.

84. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. As a result of this longstanding and willful infringement, Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

85. Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504. Alternatively, Plaintiff is entitled to statutory damages for each infringed work and each performance thereof

pursuant to 17 U.S.C. § 504(c).

86. In addition, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

87. Plaintiff is entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

88. As a direct and proximate cause of Defendants' infringement, Plaintiff has been irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants Evermore Park LLC and Ken Bretschneider, jointly and severally, as follows:

a. That the Court enter a judgment against Defendants that they have willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501;

b. That the Court issue injunctive relief against Defendants, and that Defendants and their officers, agents, representatives, servants, employees, affiliated entities, successors and assigns, and all others in active concert or participation with them, be permanently enjoined and restrained from committing the acts alleged herein in violation of 17 U.S.C. § 501;

c. That the Court order Defendants pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, in the alternative at Plaintiff's election, statutory damages per infringed Work and each performance thereof pursuant to 17 U.S.C. § 504(c)(1);

d. That the Court order Defendants pay Plaintiff enhanced statutory damages for Defendants' willful infringement of Plaintiff's copyrights per infringed Work and each performance thereof pursuant to 17 U.S.C. § 504(c)(2);

e. That the Court find Defendants jointly and severally liable for all monetary

damages awarded;

      f.      That the Court order Defendants to pay Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. § 504;

      g.      That Plaintiff be awarded pre and post-judgment interest; and

      h.      That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: February 22, 2021          Respectfully submitted,

*/s/ Natalya L. Rose*
Natalya L. Rose
**ROSE IP LAW**
4235 Hillsboro
Suite 300
Nashville, TN 37215
Tel: 615-601-1011
nrose@roseiplaw.com

**VENABLE LLP**
J. Douglas Baldridge
(*pro hac vice* forthcoming)
Katherine Wright Morrone
(*pro hac vice* forthcoming)
600 Massachusetts Ave. NW
Washington, DC 20001
Tel: (202) 344-4000
Fax: (202) 344-4300
jbaldridge@venable.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed via the Court's CM/ECF system and served on Defendants in accordance with Federal Rules of Civil Procedure.

*/s/ Natalya L. Rose*
Natalya L. Rose
